```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 18-62098-CV-BLOOM
                              MAGISTRATE JUDGE P.A. WHITE
KENNETH M. SMITH,
        Plaintiff,

vs.                           PRELIMINARY REPORT
                              OF MAGISTRATE JUDGE
SCOTT ISRAEL, et al.,

        Defendants.
_____/
```

I. Introduction

The plaintiff, Kenneth Smith, while confined at the Broward County Main Jail in Broward County Florida, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants beat him while he was a pretrial detainee at the Broward Jail.

He has filed a motion to proceed *in forma pauperis* which has been granted and a debt established by separate order. Because plaintiff is a prisoner seeking redress against governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C. § 1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. See 28 U.S.C. § 1915A; Thompson v. Hicks, 213 Fed.Appx. 939, 942 (11th Cir. 2007)(*per curiam*).

Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(*per curiam*), but the Court may review plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A.

This Cause is presently before the Court for initial screening pursuant to 28 U.S.C. § 1915, because the plaintiff is proceeding *in forma pauperis*.

## II. Standard for Screening

As amended, 28 U.S.C. § 1915 provides that a court shall dismiss the case at any time if it is determined that the action is "frivolous or malicious", "fails to state a claim upon which relief may be granted", or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(I)-(iii).

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," Id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Fed.R.Civ.P. 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Fed.R.Civ.P. 12(b)(6)").

In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979)(quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief. Id.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

### III. Facts

The plaintiff has alleged that he was beaten by defendants G. Powell, C. Anda, J. Greene and R. Maynes at the direction Lt.

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

3

Foust. Sgt. A. Clayton stood by and watched as the beating occurred.

On July 26, 2018, the plaintiff was an inmate at the Broward County Jail. After the plaintiff received his evening meal defendant J. Greene implied that something had been done to the plaintiff's meal. Both Greene and Anda laughed in response to the plaintiff's inquiry as to what was done to his food. Later that day, the plaintiff, who was suffering anxiety over the comment, decided to cover up the windows to his cell in order to attract the attention of Greene and Anda's supervisor. Sgt. Clayton responded to the plaintiff's cell.

The plaintiff attempted to explain to Clayton that Greene and Anda has insinuated they had done something to his food. Shortly thereafter, Lt. R. Foust came to the plaintiff's cell and ordered him to sit on his bed. R. Maynes was outside the plaintiff's cell, and, according to the plaintiff, was "jumping up and down" as if "warming up for a fight." Before leaving, Lt. Foust told Sgt. Clayton to take the plaintiff to a "blind spot" and adjust his attitude.

Defendants Powell, Maynes, Greene, Anda and Clayton secured the plaintiff in full restraints. They escorted him to 8-B-4 cell #11, which the plaintiff alleges is a notorious blind spot outside the view of cameras. The plaintiff was ordered to enter this cell where defendant Anda removed the plaintiff's leg shackles and waist chain. The plaintiff remained handcuffed. Anda then pulled the plaintiff's legs, causing the plaintiff to fall face down on the concrete floor. The plaintiff suffered chipped tooth and a cut on his lip.

Once the plaintiff was on the ground, Powell, Anda, Greene and Maynes allegedly began kicking and stomping the plaintiff while Clayton stood by and watched. According to the plaintiff, Anda also struck the him in the forehead with the leg shackles, causing a gash. The plaintiff alleges that the defendants repeatedly yelled at him to stop resisting as they beat him. He contends that he was not resisting, but was attempting to shield his face and head. At some point during the incident, one of the defendants sprayed the plaintiff with pepper gas. The plaintiff managed to get to his feet and run, at which point Clayton ordered the others to leave the plaintiff alone. The plaintiff was escorted to a different cell. He claims that he left a trail of blood which was quickly cleaned up by Maynes in order to destroy evidence of the defendants' actions. The plaintiff was treated for his injuries by a nurse.

The plaintiff seeks damages against the defendants for excessive force and failure to intervene. He also seeks a temporary injunction ordering that the defendants refrain from any retaliation against him. He also seeks an order directing defendant Sheriff Israel to correct any "blind spots" in the jail and arrange for the plaintiff to receive additional medical care. He is further seeking a freeze on the defendants' bank accounts and property.

### IV. Discussion of Claims

<u>Sheriff Israel - Supervisory Liability</u>

The plaintiff has sued defendant Israel in his supervisory capacity. He alleges that Israel turned a blind eye to many reports of excessive use of force. He does not allege how he knows of these numerous reports or that Israel has ignored these reports.

Public officials in supervisory positions cannot simply be held vicariously liable for the acts of their subordinates. <u>Robertson v. Sichel</u>, 127 U.S. 507 (1888); <u>Byrd v. Clark</u>, 783 F.2d

5

1002, 1008 (11th Cir. 1986), *abrogation on other grounds recognized by* Nolin v. Isbell, 207 F.3d 1253 (11th Cir. 2000). Nor can liability be predicated solely upon the doctrine of *respondeat superior* in a Section 1983 action. Monell v. Dep't Social Servs., 436 U.S. 658 (1978); Vineyard v. Murray, 990 F.2d 1207 (11th Cir. 1993). A causal connection between the acts of a supervising official and the alleged constitutional deprivation can render the official liable on a Section 1983 claim. See Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008). A plaintiff may establish a causal connection by showing that: (1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and that he failed to do so;" (2) "the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights;" or (3) "facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Douglas, 535 F.3d 1322. This standard is extremely rigorous. Doe v. School Bd. of Broward County, 604 F.3d 1248, 1266 (11th Cir. 2010). Vague and conclusory statements are insufficient to support individual supervisory liability. See generally Gonzalez v. Reno, 325 F.3d 1228 (11th Cir. 2003); see, e.g., Hendrix v. Tucker, 535 Fed. Appx. 803 (11th Cir. 2013).

The plaintiff references a single incident where he was allegedly beaten. As to defendant Israel, he merely alleges that he was aware of prior reports of abuse. He does not allege how Israel was made aware of these prior reports nor does in allege that any of the other defendants were mentioned in such reports.

The claims against defendant Israel should be dismissed as the plaintiff has failed to raise any allegations of any actions taken

6

by him and he is clearly named in his supervisory capacity. Such liability, however, may not be predicated on the theory of *respondeat superior*. If a plaintiff sues a supervisor, there must be proof that the alleged injuries resulted from an official custom, policy, or practice. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Mandel v. Doe, 888 F.2d 782 (11th Cir. 1989). The plaintiff bears the burden of establishing a causal link between a government policy or custom and the injury which is alleged. Byrd v. Clark, 783 F.3d 1002, 1008 (11th Cir. 1986)(citing Monell, supra). See also; Ashcroft v Iqbal, supra. (Heightened pleading standard for supervisory liability). The plaintiff has failed to present sufficient allegations to support a Monell claim based on supervisory liability against Sheriff Israel, the claim for supervisory liability against Israel should be dismissed.

**Defendants Foust, Clayton, Anda, Greene, Powell and Maynes**
**Excessive Use of Force**

The plaintiff has presented a claim that the remaining defendants used excessive force in violation of the Eighth Amendment. This claim encompasses both the defendants who allegedly inflicted the beating as well as the two supervisors who were aware of the beating and either encouraged it or failed to intervene.

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 102-03 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173(1976)); see also Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999). To establish a claim for excessive force, a plaintiff must establish both a subjective and objective component. Subjectively, a

7

plaintiff "must prove that 'force was applied ... maliciously and sadistically for the very purpose of causing harm.' " Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir.1999) (quoting Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Hudson v. McMillian, 503 U.S. 1, 10, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992).

"Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied 'in a good faith effort to maintain or restore discipline and not maliciously and sadistically to cause harm.'" Skrtich v. Thornton, 280 F.3d 1295, 1300 (11th Cir. 2002) (quoting Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (alteration omitted)). Several factors are relevant to this determination, including: "the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks omitted). A court may draw inferences from consideration of such factors regarding whether the use of force could plausibly have been thought necessary, or whether it instead demonstrated such a wanton disregard for the unjustified infliction of harm that it is the equivalent of knowingly and willingly inflicting such harm. See Id. at 1300-01.

Although the extent of injury is a relevant factor in determining whether the use of force could plausibly have been thought necessary under the circumstances and may be an indication of the amount of force applied, it is not solely determinative of

8

an Eighth Amendment claim. <u>Wilkins v. Gaddy</u>, 559 U.S. 34, 38 (2010). "An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." <u>Id</u>. Instead, the focus of the Eighth Amendment inquiry is on the nature of the force applied, rather than the extent of injury inflicted. <u>Id</u>.

In regards to pretrial detainees, the Eleventh Circuit has set forth the following analysis for determining if a constitutional violation through the use of excessive force has occurred:

> Whether a jailer's use of force is excessive, and thus violates the inmate's Fourteenth Amendment right to be free from cruel and unusual punishment, depends on whether the jailer's act "shocks the conscience," <u>Cockrell v. Sparks</u>, 510 F.3d 1307, 1311 (11th Cir.2007), and it necessarily will if the force " 'was applied ... maliciously and sadistically for the very purpose of causing harm.' " <u>Id.</u> (quoting <u>Whitley v. Albers</u>, 475 U.S. 312, 320–21, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986)). To evaluate whether actions shock the conscience, we consider the following factors: (1) the need for force; (2) the relationship between that need and the amount of force used; and (3) the extent of the resulting injury. <u>Whitley</u>, 475 U.S. at 321, 106 S.Ct. at 1085. In addition to those three factors we consider as fourth and fifth factors "the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible official on the basis of facts known to them, and any efforts made to temper the severity of a forceful response." <u>Id.</u> When we consider whether the jailers' use of force was excessive, we must "give a wide range of deference to prison officials acting to preserve discipline and security." <u>Bennett v. Parker</u>, 898 F.2d 1530, 1533 (11th Cir.1990).

<u>Danley v. Allen</u>, 540 F.3d 1298, 1307 (11th Cir. 2008). The Supreme Court held in <u>Hudson v. McMilian</u>, 503 U.S. 1 (1992), that "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated ... whether or not significant injury is evident. Otherwise, the Eighth

9

Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." Hudson at 9.

Finally, a defendant need not participate in the use of excessive force against a prisoner to be held liable under §1983 for cruel and unusual punishment. Skrtich, 280 F.3d at 1301. A defendant who is present at the scene and fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held personally liable. Id.

The plaintiff claims that defendants Anda, Greene, Powell and Maynes beat him while he was in handcuffs. The beating was administered under the orders of defendant Foust and was witnessed by defendant Clayton. Clayton took no actions to intervene to stop the beating. The plaintiff contends that he did not provoke the attack and believes it was in retaliation for his report about defendants Greene and Anda putting something in his food.

The plaintiff's allegations state a claim for excessive use of force. The plaintiff's allegations, which must be taken as true for purposes of this screening report, show that the defendants knocked him the ground and beat him while he was in handcuffs. This beating was apparently unprovoked and thus any use of force would be unreasonable under these facts. Each of the defendants who actually participated in the beating would be liable for damages as would the two defendants who failed to intervene.

**Injunctive Relief**

Plaintiff seeks preliminary and permanent injunctive relief, asking that the defendants be prohibited from taking any retaliatory action against him. He also seeks an order directing

10

defendant Israel to take actions to eliminate blind spots in the jail and provide additional medical treatment to the plaintiff. Finally, he seeks a freeze on the defendants' finances.

"The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002) (citations omitted). This court may grant a preliminary injunction only if Plaintiff demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. Palmer, 287 F.3d at 1329; McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998); Cate v. Oldham, 707 F.2d 1176 (11th Cir. 1983); Shatel Corp. v. Mao Ta Lumber and Yacht Corp., 697 F.2d 1352 (11th Cir. 1983); see also Parker v. State Board of Pardons and Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001). No such showing has been made here.

"In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion'" as to the four requisites." McDonald's, 147 F.3d at 1306; All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)(a preliminary injunction is issued only when "drastic relief" is necessary); Texas v. Seatrain Int'l, S.A., 518 F.2d 175, 179 (5th Cir. 1975)(grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to

11

establish any of the other elements. Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994); see also Siegel v. Lepore, 234 F.3d 1163, 1176 (11th Cir. 2000)(noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

"'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl., 896 F.2d 1283, 1284 (11th Cir. 1990)." Suntrust Bank v. Houghton Mifflin Co., 268 F.3d 1257, 1265 (11th Cir. 2001). The "extraordinary remedy" provided by an injunction is only available when a "legal right has been infringed by an injury for which there is no adequate legal remedy and which will result in irreparable injury if the injunction does not issue." Alabama v. United States Army Corps of Eng'rs, 424 F.3d 1117, 1127 (11th Cir. 2005).

In his complaint, plaintiff requests permanent and preliminary injunctive relief against all defendants. The standard for a permanent injunction is essentially the same as for a preliminary injunction except that plaintiff must also show actual success on the merits instead of a likelihood of success." Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1097 (11th Cir. 2004) (quoting Siegel, 234 F.3d at 1213). In addition to succeeding on the merits, a plaintiff must "demonstrate the presence of two elements: continuing irreparable injury if the injunction does not issue, and the lack of an adequate remedy at law." Siegel, 234 F.3d at 1213 (quoting Newman v. State of Ala., 683 F.2d 1312, 1319 (11th Cir. 1982)).

At this juncture, plaintiff has not set forth a sufficient showing to warrant the entry of preliminary or permanent injunctive

relief. He has alleged a single incident of excessive force and has not alleged a continuing harm or a risk of future harm.

### III.   Recommendations

Based on the foregoing, it is recommended that,

1) The claims of excessive use of force against Lieutenant R. Foust, Sergeant A. Clayton, Deputy C. Anda, Deputy J. Greene, Deputy G. Powell and Deputy R. Maynes should proceed;
2) The claims against the Sheriff Scott Israel should be dismissed.
3) The request for a temporary injunction should be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 1st day of October, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

```
cc:   Kenneth M Smith
      Jail No. 231601059
      Broward County Main Jail
      Inmate Mail/Parcels
      Post Office Box 9356
      Fort Lauderdale, FL 33310
      PRO SE
```