UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62098-CV-BLOOM
MAGISTRATE JUDGE REID

KENNETH M. SMITH,

    Plaintiff,

v.

SHERIFF GREGORY TONY, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE ON MOTION TO DISMISS [ECF 85]

### I.    Introduction

This case is before the Court on Defendant's Motion' to Dismiss. [ECF 85]. This case has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b), and S.D. Fla. Admin. Order 2019-2.

The case is presently before the court on Sheriff Tony's motion to dismiss. [ECF 85]. The Court has reviewed the motion, Plaintiff's response [ECF 88], and Sheriff Tony's reply [ECF90]. For the reasons set forth, the motion to dismiss should be granted and Sheriff Tony should be dismissed as a Defendant.

## II. Procedural History

The Plaintiff filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [ECF 1]. On initial screening the complaint was permitted to proceed on Plaintiff's Eighth Amendment excessive force claim against defendants Lieutenant R. Foust, Sergeant A. Clayton, Deputy C. Anda, Deputy J. Greene, Deputy G. Powell and Deputy R. Maynes. [ECF 6, 17]. The claim against Sheriff Scott Israel was dismissed. [*Id.*].

Plaintiff, still acting *pro se*, filed an amended complaint. [ECF 42]. Because the motion was devoid of factual allegations the Undersigned entered an order striking the complaint and continuing the initial complaint as the operative complaint. [ECF 54]. The Undersigned then denied as moot the Defendants' motion to dismiss the amended complaint. [ECF 58, 59].

Plaintiff has now obtained counsel and filed an amended complaint. [ECF 77]. The amended complaint was served upon Sheriff Gregory Tony. [ECF 82]. Sheriff Tony has filed a motion to dismiss the amended complaint. [ECF 85]. The remaining Defendants have not joined in Sheriff Tony's motion to dismiss.

## III. The Amended Complaint

### A. Facts Alleged

In July 2018, Plaintiff was a pretrial detainee in the Broward County Main Jail. [ECF 77, p. 1]. According to Plaintiff, on July 26, 2018, Deputies Anda and

2

Greene insinuated that they had spit in Plaintiff's meal. [*Id.*, p. 1]. Plaintiff tried to explain this to Sergeant Clayton, the deputies' supervisor, but Clayton ignored his concerns. [*Id.*, pp. 1-2]. Shortly thereafter, Lieutenant Foust was called to Plaintiff's cell and told Clayton to take Plaintiff to a blind spot and "adjust his attitude." [*Id.*, p. 2]. That evening Clayton, Anda, and Greene, along with Deputy Maynes and Deputy Powell, took Plaintiff to a cell notoriously known as a "blind spot" or "beat down" cell. [*Id.*]. Plaintiff was placed in handcuffs and shackles. [*Id.*]. After removing the shackles, Anda pulled Plaintiff's feet out from under him, causing Plaintiff to fall face first to the ground. [*Id.*, p. 6-7]. Anda, Greene, Maynes and Powell proceeded to kick and stomp Plaintiff. [*Id.*, p. 7]. Anda struck Plaintiff with a pair of shackles while one of the other Defendants sprayed Plaintiff with pepper gas. [*Id.*]. Clayton observed the attack but did nothing to stop it. [*Id.*]. Plaintiff managed to get to his feet and ran to the door. [*Id.*]. Clayton then ordered Anda, Greene, Maynes and Powell to leave Plaintiff alone. [*Id.*]. Plaintiff was bleeding and required medical attention. [*Id.*].

Rather than take Plaintiff to the nurse's station or infirmary, Defendants escorted Plaintiff to another cell where a nurse cleaned his wounds in the hallway. [*Id.*]. Maynes proceeded to clean up the trail of blood by spraying chemicals and mopping the floor. [*Id.*]. Plaintiff alleges that this was done to in an effort to cover

3

up the beating. [*Id.*]. Defendants prepared incident reports that contained false statements about the events that transpired. [*Id.*].

According to Plaintiff, the deputies at the Broward Jail frequently use violence against pretrial detainees. [*Id.*] He alleges that the 3:00 pm to 11:00 pm shift is notorious as the "beat down" shift. [*Id.*]. Supervisors at the jail encourage the deputies to engage in this violence. [*Id.*].

**B.    Claim as to Sheriff Gregory Tony**

Plaintiff presents a single claim against Sheriff Tony arguing that Tony is liable in his official capacity because his injuries were the result of a custom or policy of the Broward Sheriff's Office. As set forth above, Plaintiff alleges that deputies regularly use excessive force against pretrial detainees. He has further alleged that there is a specific jail cell that is utilized for this purpose because it is not visible to security cameras.

### IV.    Motion to Dismiss

Sheriff Tony seeks to dismiss the complaint arguing that Count I is insufficient to state a claim for relief against him in his official capacity. Sheriff Tony also argues that Count I is an improper shotgun pleading that does not differentiate between the actions of the various defendants. Finally, Sheriff Tony seeks to dismiss the claim for punitive damages.

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint where the plaintiff fails to state a claim upon which relief may be granted. *See Fed. R. Civ. P.* 12(b)(6). A Rule 12(b)(6) motion tests the legality of the Plaintiff's claim, and the court construes all allegations, as set forth in Plaintiff's complaint, as amended, as true, and resolves all inferences in favor of the Plaintiff. *United States v. Gaubert*, 499 U.S. 315, 327 (1991); *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).

Sheriff Tony argues that the allegations in Counts I fail to state a claim against him in his official capacity. He contends that the Plaintiff has failed to allege, other than in a conclusory fashion, that there was a custom or policy that led to a violation of the Plaintiff's rights.

To allege a § l983 action against a local government entity a plaintiff must assert that a constitutional deprivation resulted from a custom, policy, or practice of the governmental entity. *See Wideman v. Shallowford Community Hospital, Inc.* supra, 826 F.2d 1030, 1032 (11th Cir. 1987), Such liability, however, may not be predicated on the theory of *respondeat superior*. Only if the alleged constitutional violations resulted from a custom, policy or practice may its administrators or supervisors be held liable. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Free v. Granger*, 887 F.2d 1552, 1556 (11th Cir. 1989); *Wideman* at 1032. Conclusory allegations of policy or custom, without supporting facts, are

insufficient to sustain a § 1983 claim. *See Gutierrez v. City of Hialeah*, 723 F.Supp. 1494, 1500 (S.D. Fla. 1989).

"To prove § 1983 liability against a municipality based on custom, a plaintiff must establish a widespread practice that, 'although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a 'custom or usage' with the force of law.'" *Brown v. City of Ft. Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-168 (1970*)))*; see also Denno v. Sch. Bd. of Volusia Cnty, Fla.*, 218 F.3d 1267, 1277 (11th Cir. 2000) ("[F]or the [County] to be held liable under the custom or practice prong of *Monell*, [Plaintiff] must demonstrate that a custom or practice . . . is so well-settled and pervasive that it assumes the force of law."). "[A] longstanding and widespread practice is deemed authorized by the policymaking officials because they must have known about it but failed to stop it." *Brown*, 923 F.2d at 1481.

"[A] municipality's failure to correct the constitutionally offensive actions of its employees can rise to the level of a custom or policy 'if the municipality tacitly authorizes these actions or displays deliberate indifference' towards the misconduct." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1308 (11th Cir. 2001); *see also Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) ("'The deprivations that constitute widespread abuse sufficient to notify the supervising

6

official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences.'") (quoting *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990)). "This threshold identification of a custom or policy 'ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality.'" *McDowell v. Brown*, 392 F.3d 1283, 1290 (11th Cir. 2004) (quoting *Board of Cnty Comm'rs of Bryan Cnty, Okla. v. Brown*, 520 U.S. 397, 403 (1997)). **"This prevents the imposition of liability based upon an isolated incident."** *Id.* (emphasis added).

Plaintiff has not alleged an official policy or custom, but rather contends that there is an unwritten policy of encouraging the excessive use of force. Plaintiff's conclusory allegations are insufficient to establish the existence of an unofficial policy as a basis for Sheriff Tony's liability. The complaint wholly fails to "establish a widespread practice that, 'although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a 'custom or usage' with the force of law.'" *Brown*, 923 F.2d at 1481. Rather, it merely alleges, in a conclusory manner and without any reference to actual, demonstrable actions, that the Sheriff has a custom or practice of permitting excessive use of force by deputies. The only allegation of excessive force is the single incident against Plaintiff. However, "[n]ormally random acts or isolated incidents are insufficient to

establish a custom or policy." *Depew v. City of St. Marys, Ga.*, 787 F.2d 1496, 1499 (11th Cir. 1986); *see also Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002) ("Eleven incidents . . . cannot support a pattern of illegality in one of the Nation's largest cities and police forces."); *Prieto v. Metro. Dade Cnty*, 718 F. Supp. 934, 938-39 (S.D. Fla. 1989) (stating that "four isolated incidents involving only [the plaintiff] fall well short of proving a persistent and widespread practice sufficient to establish a policy or custom").

The single, isolated act alleged in the amended complaint fails to establish the requisite causal connection between the alleged constitutional deprivation and Sheriff Tony. *See Hartley*, 193 F.3d at 1269 ("'The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences.'") (quoting *Brown*, 906 F.2d at 671). Plaintiff's conclusory allegations of an unofficial practice are simply not enough. Plaintiff's allegations do not suffice under *Monell* and its progeny to impose municipal liability upon Sheriff Tony in his official capacity. The motion to dismiss Count I as to Sheriff Tony should be granted and he should be dismissed as a defendant.

Since it is the recommendation of the Undersigned that Sheriff Tony be dismissed as a defendant, the remaining issues raised in the motion to dismiss are moot.

## V. Recommendation

Based on the foregoing it is recommended that:

1) Sheriff Tony's Motion to Dismiss [ECF 85] be granted and Sheriff Tony be dismissed as a defendant;

2) Sheriff Tony's motion to strike Count I be denied as moot; and

3) Sheriff Tony's motion to strike the request for punitive damage be denied as moot.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 149 (1985).

SIGNED this 16th day of September, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Christopher Lomax
Christina Mastrucci
Bibiana Pesant
Nicole Chipi
Attorneys for Plaintiff
Jones Day
600 Brickell Ave
Suite 3300
Miami, FL 33131
Email:
clomax@jonesday.com
bpesant@jonesday.com
cmastrucci@jonesday.com
nchipi@gmail.com

Alan David Danz
Attorney for Defendants Foust, Clayton, Anda, Greene, Powell and Maynes
Danz Law, PLLC
11011 Sheridan Street
Suite 314
Cooper City, FL 33026
Email: danz@danzlaw.net

Kenneth J. Miller
Attorney for Sheriff Gregory Tony
Haliczer Pettis & Schwamm
100 SE 3 Avenue
7th Floor
Fort Lauderdale, FL 33394
Email: kmiller@hpslegal.com