## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cv-62098-BLOOM/Reid

KENNETH M. SMITH,

      Plaintiff,

v.

OFFICER SCOTT ISRAEL, R. FOUST,
ATHOL CLAYTON, DEPUTY C. ANDA,
J. GREENE, G. POWELL, and DEPUTY R.
MAYNES,

      Defendants.

_____/

## ORDER ON MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court upon Defendant Sheriff Tony's ("Defendant" or "Sheriff Tony") Motion to Dismiss, ECF No. [85] ("Motion to Dismiss"), filed on July 23, 2019. This case was previously referred to the Honorable Lisette M. Reid for a Report and Recommendations ("R&R") on all dispositive matters. *See* ECF No. [2]. On September 16, 2019, Judge Reid issued a R&R recommending that the Motion to Dismiss be granted, that Sheriff Tony be dismissed as a Defendant, and that the remainder of the Motion to Dismiss be denied as moot. ECF No. [95]. The R&R also stated that objections to the R&R could be filed within fourteen days of receipt of a copy of the R&R. Rather than file objections, Plaintiff filed a Motion for Leave to File a Second Amended Complaint, ECF No. [97] ("Motion"). For the reasons set forth below, the Motion is denied, and the Court adopts the R&R.

In the R&R, Judge Reid concluded that the claim asserted against Sheriff Tony in the First Amended Complaint should be dismissed because it alleges in a conclusory manner that the Sheriff

has a custom or practice of permitting excessive use of force by deputies, supported only by the single incident against Plaintiff. *See* ECF No. [95] at 7. In the Motion, Plaintiff requests leave to amend in order to amend a single factual allegation regarding the placement of his waist chain during the alleged use of force incident and to provide further facts in support of a cause of action against Sheriff Tony.

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendment to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). The law in this Circuit is clear that "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004); *see also Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007) (same); *Thompson v. City of Miami Beach, Fla.*, 990 F. Supp. 2d 1335, 1343 (S.D. Fla. 2014) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.") (citation omitted). ). In any event, "the grant or denial of an opportunity to amend is within the discretion of the District Court . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff contends that none of the circumstances justifying denial of leave to amend apply in this case. In response, Sheriff Tony argues that Plaintiff cannot establish good cause for allowing

an amendment so far past the deadline of February 25, 2019 set by the Court, ECF No. [46]. Upon review, the Court agrees with Sheriff Tony.

Under the Rules of Civil Procedure, district courts are required to "enter a scheduling order that limits the time to . . . join other parties and to amend the pleadings . . . ." Fed. R. Civ. P. 16(b). Scheduling orders "control the subsequent course of the action unless modified by a subsequent order," Fed. R. Civ. P. 16(e), and may be modified only "upon a showing of good cause." Fed. R. Civ. P. 16(b). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note) (quotations omitted). According to the Eleventh Circuit, Rule 16 is the proper guide for determining whether a delay is excusable when a motion to amend is filed after a scheduling order deadline. *Id*. at 1418 n.2; *see also Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1366-67 (11th Cir. 2007) (holding that "where a party files an untimely motion to amend, [we] must first determine whether the party complied with Rule 16(b)'s good cause requirement," before considering whether "justice so requires" allowing amendment).

Here, Plaintiff contends that there is good cause to permit him to amend in light of Judge Reid's R&R recommending dismissal. The Court disagrees. Plaintiff previously sought, and was granted, the opportunity to file an amended complaint when counsel first entered an appearance on his behalf and he was no longer proceeding *pro se*. *See* ECF No. [75]. In response to Plaintiff's Amended Complaint, ECF No. [77], in which Plaintiff first asserted a *Monell* claim against Sheriff Tony, Sheriff Tony filed his Motion to Dismiss. Rather than request leave to amend in response to the Motion to Dismiss, Plaintiff filed a response in opposition to the Motion to Dismiss. Sheriff Tony thereafter filed a reply, and the fully briefed Motion to Dismiss proceeded to Judge Reid for

review and issuance of the R&R. Only in response to the issuance of the R&R has Plaintiff requested leave to amend. Thus, based upon the record in this case, the Court does not find that Plaintiff exercised diligence, especially where he does not seek to assert a new theory of liability against Sheriff Tony, but only to address the deficiencies specifically identified by Judge Reid in her R&R. To hold otherwise would be to condone the use of a Magistrate Judge's R & R as an advisory opinion as to what allegations would pass muster. Such use would be inappropriate and the procedural posture of this case does not support the use of the R & R in this manner. As such, Plaintiff has failed to establish good cause as to why leave to amend should be granted in this instance.

Even though Plaintiff did not file objections to Judge Reid's R&R, the Court has conducted a *de novo* review of the R&R and the record, and is otherwise fully advised in the premises. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). Upon review, the Court finds Judge Reid's R&R to be well reasoned and correct. The Court therefore agrees with the analysis in Judge Reid's R&R and concludes that the Motion to Dismiss should be granted and this case should be dismissed against Sheriff Tony for the reasons set forth therein.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Reid's R&R, **ECF No. [95]**, is **ADOPTED**;

2. The Motion to Dismiss, **ECF No. [85]**, is **GRANTED**, and the requests to strike Count 1 and Plaintiff's request for punitive damages are denied as moot; and,

3. Sheriff Tony is **DISMISSED** as a Defendant;

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 16, 2019.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record